UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN LASHAY WILLIAMS

v.  Case No: 8:15-cv-136-T-24MAP
 Case No.: 8:13-cr-399-T-24MAP
UNITED STATES OF AMERICA.
_____/

## **ORDER**

This cause is before the Court on Petitioner Shawn Lashay Williams' 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. In the motion, Petitioner raises three grounds of ineffective assistance of counsel including that trial counsel was ineffective for failing to file a notice of appeal (Ground Three). The §2255 motion is timely having been signed by Petitioner on January 10, 2015 and filed with the Court on January 23, 2015. Petitioner pled guilty to possession of a firearm by a convicted felon, and on June 4, 2014, he was sentenced to 180 months imprisonment.

Defendant Williams pled guilty pursuant to a plea agreement in which he waived his right to appeal. It has been this Court's experience that a claim of ineffective assistance of counsel for failure to file an appeal must be brought before the Court at considerable expense and inconvenience to the United States Marshals Service who must transport the Petitioner from his place of incarceration, as well as the United States Attorney's Office, which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing.

In light of the foregoing, the Court concludes that the interest of judicial economy would be best served by granting the motion to vacate, but only to the extent that Petitioner will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court emphasizes that this determination to grant Petitioner a belated appeal in his related criminal case is made only in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of Petitioner in the prior criminal proceedings.

Accordingly, the Court orders:

1. Petitioner's motion to vacate is **GRANTED**, but only to the extent that Petitioner may file a belated appeal in the related criminal case.

2. The Court will enter a separate order in the criminal case that vacates the original judgment and imposes the identical sentence in a new judgment giving the Defendant an opportunity to file an appeal if he wishes to do so.

3. The Clerk is directed to enter judgment in favor of Petitioner in the civil case opened as a result of the §2255 motion, and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of January, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record
Pro Se Petitioner